## JOSEPH W. MOLYNEAUX v. CITY OF MINNEAPOLIS and Another.[1]

### July 7, 1911.

### Nos. 17,234—(250).

**Cities of the first class — bonds for parks.**

Laws 1907, c. 93, Laws 1909, c. 206, and Laws 1911, c. 155, each authorizing cities of the first class to issue and sell bonds for park purposes, are valid. They are cumulative, and none of them supersedes or repeals the others; and, further, bonds may be issued and sold by such cities under each of the acts, subject to the conditions and limitations therein named.

Action in the district court for Hennepin county to enjoin defendant city and defendant city comptroller from executing, issuing or selling bonds of the city during the year 1911, for the purpose of acquiring or improving lands for parks or parkways or for any of the purposes specified in Laws 1907, c. 93, Laws 1909, c. 206, and Laws 1911, c. 155, excepting bonds not exceeding $275,000, as expressly permitted by Laws 1911, c. 155. The facts were stipulated. The action was tried before Booth, J., who made findings and as conclusion of law ordered judgment in favor of de-

---

[1] Reported in 131 N. W. 1015.

fendants dismissing the action. From the judgment entered pursuant to the order, plaintiff appealed. Affirmed.

*Benton, Molyneaux & Morley,* for appellant.

*Daniel Fish,* for respondent city of Minneapolis.

*C. J. Rockwood,* for respondent Brown.

START, C. J.

Appeal from a judgment, in favor of the defendant, of the district court of the county of Hennepin in an action by a taxpayer of the city of Minneapolis to enjoin the city from issuing any bonds in excess of $275,000 during the year 1911 for the purpose of acquiring lands for park purposes or improving lands for parks or parkways. The cause was tried by the court without a jury. The facts are not in dispute, and the court found them to be as stipulated by the parties, and as a conclusion of law it was determined that the plaintiff was not entitled to any relief, that the action be dismissed upon its merits, and that judgment be entered accordingly. It was so entered.

The assignments of error raise the single question whether the facts found sustain the conclusion of law. A decision of the question depends upon the correct construction of the enabling acts following:

Laws 1907, p. 106, c. 93, authorizes cities of the first class "to issue and sell not exceeding three hundred thousand dollars par value in and of the bonds of such city, for the purpose of acquiring and improving land for public parks and parkways, as well as for the improvement of parks and parkways heretofore acquired in such cities: Provided, that no more than fifty thousand dollars par value of such bonds shall be issued and sold by any such city in any one calendar year."

Laws 1909, p. 238, c. 206, authorizes cities of the first class not operating under a home rule charter "to issue and sell not exceeding three hundred thousand dollars par value in and of the bonds of said city, for the purpose of improving land for public parks and parkways and for improving lakes within the city, and in addition thereto not exceeding fifty thousand dollars par value in and of

the bonds of said city for the purpose of acquiring land for public parks and parkways."

Laws 1911, p. 196, c. 155, authorizes cities of the first class not operating under a home rule charter "to issue and sell not exceeding five hundred and twenty-five thousand dollars par value of the bonds of such city for the purpose of improving land for public parks and parkways, and in addition thereto not exceeding two hundred and seventy-five thousand dollars in par value of the bonds of such city for the purpose of acquiring land for public parks and parkways. Not more than two hundred and seventy-five thousand dollars of bonds in the aggregate shall be ordered to be sold within any one calendar year under this act, but bonds ordered to be sold and not actually sold within such calendar year may be sold at subsequent times convenient."

Each of these acts contains a provision to the effect that the bonds authorized thereby, or any portion thereof, may be sold by such city notwithstanding any limitation contained in its charter or in any law of the state, and also a section repealing all inconsistent acts or parts thereof.

These acts apply to the city of Minneapolis, and are constitutional. The classification is a proper one, for the propriety of excepting from the class cities operating under a home rule charter is obvious. The proposed bond issue here in question aggregates $400,000, of which $50,000 is to be issued under the act of 1907, $100,000 under the act of 1909, and $250,000 under the act of 1911. The contention of the plaintiff is that the act of 1907 was superseded by that of 1909, and thereafter no further bonds could be issued under the act of 1907, and that in turn the act of 1909 was superseded by that of 1911 with a like result; hence the city has now no authority to issue park bonds, except by virtue of the act of 1911, which provides that not more than $275,000 "shall be ordered to be sold within one calendar year under this act."

Whether the several enabling acts are cumulative, hence all are still in force, or whether each succeeding one superseded or repealed the one preceding it, depends upon whether the succeeding one is, as to the authority to issue and sell bonds, inconsistent with the pre-

ceding one. It is clear that the act of 1909 is not in this respect inconsistent with that of 1907. The act of 1907 applies to all cities having a population of more than fifty thousand, while that of 1909 applies only to cities having the named population not operating under home rule charters. Again, the purposes for which bonds may be issued under the several acts are not identically the same. Not only this, but it is quite evident, from a reading of the act of 1911, that it was not the intention of the legislature to repeal or supersede the earlier acts; for it recognizes, by necessary implication, the authority of cities of the class named to issue and sell bonds for park purposes under then existing statutes, in these words: "Not more than two hundred and seventy-five thousand dollars of bonds in the aggregate shall be ordered to be sold within any one calendar year *under this act.*" If it were the intention to repeal all other acts authorizing the sale of bonds for park purposes by cities belonging to the class designated, why was the amount of bonds which such cities could sell in any one year limited to bonds to be sold *"under this act"?* The expression of one thing is the exclusion of another.

We accordingly hold that the several acts are cumulative, and that none of them supersedes or repeals the others, and, further, that bonds may be issued and sold under each act, subject to the conditions and limitations named therein.

Judgment affirmed.